**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:10CR338 |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | |
| TEODORO OZUNA BERNAL, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion to suppress filed by defendant Teodoro Ozuna Bernal (Bernal) (Filing No. 19). Bernal is charged in the Indictment with the use of identification documents knowing such documents were not lawfully issued for his use for the purpose of satisfying a requirement of an employment verification system (Count I), in violation of 18 U.S.C. § 1546(b); the false claim of United States citizenship (Count II), in violation of 18 U.S.C. § 911; and the false representation of a Social Security number not assigned to him with the intent to deceive (Count III), in violation of 42 U.S.C. § 408(a)(7)(B). Bernal seeks to suppress all evidence and statements made by Bernal to Immigration and Customs Enforcement (ICE) agents on September 7, 2010, in Omaha, Nebraska.

An evidentiary hearing was held on Bernal's motion on November 22, 2010. Bernal was present for the hearing along with his counsel, Assistant Federal Public Defender Richard H. McWilliams. The United States was represented by Assistant U.S. Attorney Sandra L. Denton. Laura Garcia-Hein, a certified Spanish language interpreter, served as the interpreter for the hearing. During the hearing, the court heard the testimony of ICE Special Agent Andrew Stewart (Agent Stewart). The court received into evidence the following Exhibits: Exhibit 101 - FTC Identity Theft Complaints; Exhibit 102 - Pre-Miranda Question Worksheet; and Exhibit 103 - Spanish Language Rights Advisory Form. A transcript (TR.) of the hearing was prepared and filed on December 1, 2010 (Filing No. 29).

## FINDINGS OF FACT

On April 30, 2010, the Omaha ICE office conducted an audit of I-9 forms as they related to Omaha Steaks in Omaha, Nebraska (TR. 3). One of the cases involved an identity theft complaint to the Federal Trade Commission (FTC) in March 2007 on behalf of Jose Valin Lopez of Lubbock, Texas, that Lopez's Social Security number was being used by someone in Omaha, Nebraska (TR. 4-5; Exhibit 101). In April 2010 the ICE auditor cross-checked FTC complaints and I-9 forms from Omaha Steaks in Omaha, Nebraska, and found a person using Jose Valin Lopez's Social Security number was working at Omaha Steaks (TR. 5). The auditor determined there were fourteen individuals employed at Omaha Steaks about whom there were FTC complaints of identity theft (TR. 6). One of the names was Jose Valin Lopez (TR. 5-6).

On September 7, 2010, approximately fifteen ICE agents, dressed in normal casual business attire, traveled to the Omaha Steaks location (TR. 5). The agents had their ICE identification hidden as well as their sidearms (TR. 5-6). ICE had requested Omaha Steaks to isolate the fourteen individuals for the agents' arrival (TR. 6). The fourteen individuals were directed to the training room at Omaha Steaks by Omaha Steaks' management and were in the training room when the ICE agents arrived (TR. 17). Each of the ICE agents had individual packets assigned to them (TR. 17). The packet for Jose Valin Lopez was assigned to Agent Stewart (TR. 18). Agent Stewart called out the name "Jose Valin Lopez" and the defendant (Bernal) responded (TR. 6-7). Agent Stewart asked Bernal three questions and recorded Bernal's answers (TR. 8; Exhibit 102). Agent Stewart asked Bernal his name and Bernal responded "Jose Velen-Lopez" (TR. 8; Exhibit 102). Next, Agent Stewart asked Bernal where he was born, and Bernal stated he was born in Laredo, Texas (TR. 8). Agent Stewart then asked if Bernal had any paperwork or permission to live and work in the United States (TR. 8). Bernal did not produce any such documents and Agent Stewart placed Bernal under administrative arrest, placed him in handcuffs and moved him to another part of the room (TR. 8, 20).

Bernal's person was then searched incident to the arrest and a Mexican Consulate ID card in the name of Teodoro Ozuna Bernal was found inside his wallet (TR. 9). Bernal was transported with other detainees to the ICE district office in Omaha for processing (TR.

9). Upon arrival, Bernal's handcuffs were removed and his processing commenced (TR. 9-10). Bernal was advised of his *Miranda*[1] rights by means of a Spanish language rights advisory form and Bernal declined to speak with the ICE agents (TR. 10; Exhibit 102). Bernal was fingerprinted and his fingerprints were uploaded to the FBI database and the ICE IDENT systems (TR. 11). Bernal did not have a criminal history in the FBI database but did have a history in the IDENT system (TR. 11). The IDENT fingerprint check came back with a match to fingerprints belonging to Teodoro Ozuna Bernal (TR. 11).

## LEGAL ANALYSIS

Bernal asserts the 2007 FTC identity theft complaint was stale by the time of the April 30, 2010, I-9 audit and could not serve as a reasonable basis for Bernal's detention on September 7, 2010. Bernal further asserts he should have been advised of his *Miranda* rights as soon as the ICE agents entered the training room at Omaha Steaks on September 7, 2010. Consequently, Bernal asserts all evidence including his identity, his fingerprints, and the Mexican Consulate ID card obtained on September 7, 2010, should be suppressed.

The government argues that the encounter between Bernal and the ICE agents was an investigative detention supported by a reasonable articulable suspicion of criminal activity. Furthermore, the government argues the request for basic identification or biographical information is not interrogation requiring *Miranda* warnings. The government argues Bernal's immigration arrest was lawful and the search of his person, resulting in locating the Mexican Consulate ID card, was incident to that arrest. Once Bernal was arrested and transported to the ICE offices, the biographical and identification questions were routine booking questions, along with the taking of Bernal's fingerprints.

"A request for routine information necessary for basic identification purposes is not interrogation under *Miranda*, even if the information turns out to be incriminating." *United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1038 (8th Cir. 2010). The fact that certain employees were directed to the training room by other Omaha Steaks' management at the

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

request of the ICE agents did not amount to a seizure of those individuals by ICE agents. See *Immigration & Naturalization Serv. v. Delgado*, 466 U.S. 210, 220-21 (1984). Furthermore, the ICE agents had lawful authority to interrogate any suspected alien of that alien's right to be in the United States.  See 8 U.S.C. § 1357(a)(1) and *Immigration & Naturalization Serv. v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984).   Accordingly, Agent Stewart's inquiry of Bernal as to the three pre-*Miranda* questions (Exhibit 102) was entirely proper.

With the notice that someone was using Jose Valin Lopez's name and Social Security number in Omaha from the 2007 FTC complaint, and such information was refreshed by the ICE I-9 audit in May 2010, Agent Stewart had probable cause to administratively arrest Bernal when he gave Jose Valin Lopez's name and was unable or declined to produce any documents to show he had permission to live and work in the United States when asked by Agent Stewart.  There was an objective basis to believe Bernal had violated the immigration laws.  As such, Bernal's arrest and the search of his person incident to that arrest were lawful under the Fourth Amendment.  See *United States v. Torres-Lona*, 491 F.3d 750 (8th Cir. 2007); *United States v. Robinson*, 414 U.S. 218, 235 (1973).

Bernal was advised of his rights in Spanish pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) when he was processed at the ICE district office.  Bernal invoked his rights and declined to be interrogated.  However, *Miranda* warnings are not required for routine booking questions and the gathering of biographical information.  *Ochoa-Gonzalez*, 598 F.3d at 1038.

Bernal's motion to suppress should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Teodoro Ozuna Bernal's motion to suppress (Filing No. 19) be denied.

4

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 20th day of January, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.